IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARLO CRUZ, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-21-909 |
| WILLIAM BOHRER, | * | |
| Respondent. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court for consideration of Petitioner Marlo Cruz's Petition for a Writ of Habeas Corpus. (ECF No. 1). The matter is ripe for review, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will deny the Petition and decline to issue a certificate of appealability.

### I.    BACKGROUND

On November 17 to 21, 2003, Cruz was tried and convicted of one count of child abuse, one count of second-degree rape, and two counts of second-degree sexual offense in a bench trial before the Circuit Court for Montgomery County. (Limited Answer at 8, ECF No. 3; Docket Entries at 9, 11, ECF No. 3-1). Before sentencing, Cruz filed motions for a new trial and for postconviction relief, which were both denied by the circuit court. (Docket Entries at 13–15). On June 2, 2005, the circuit court sentenced Cruz to seventy-

five years' incarceration with all but eighteen months suspended and five years of probation. (Docket Entries at 15). On August 21, 2006, Cruz was deported after serving his eighteen-month sentence. (Pet. at 3, ECF No. 1). He was unable to fulfill the requirements of his probation due to his deportation. (Id.).

In his Petition, Cruz explains that the parties came to an agreement regarding sentencing to avoid a new trial that would have been otherwise been required by a then-recent "change in the law regarding child testimony." (Pet. at 3). Respondents note that the "change in the law" Cruz is referring to is most likely the Court of Appeals' decision in State v. Snowden, 385 Md. 64 (2005) (holding that hearsay statements made by children to their sexual abuse investigator are considered "testimonial" under Crawford v. Washington, 541 U.S. 36 (2004) and thus their admission at trial violates the Confrontation Clause). (Limited Answer at 5 n.4). Review of the docket entries from Cruz's bench trial demonstrates that the circuit court ruled the hearsay statements of the minor victim admissible. (Docket Entries at 10). The terms of the agreement also required Cruz to waive his right to appeal. (Docket Entries at 15; see also Nov. 20, 2013 VOP Hearing Tr. at 12–13, ECF No. 1-3). Cruz did not file an appeal of his conviction or sentence. (See generally Docket Entries).

On October 26, 2009, a request for warrant for violation of probation was filed and Cruz's case was reactivated. (Docket Entries at 17). On November 20, 2013, Cruz appeared before the circuit court for a violation of probation hearing. (Docket Entries at 18–19). The circuit court found that Cruz was in violation, revoked his probation, and reimposed the full term of imprisonment of seventy-three years and six months. (Docket Entries at 19).

Cruz did not file an application for leave to appeal the revocation of probation. See Md. Code Ann., Cts. & Jud. Proc. § 12-302(g).

On December 11, 2013, Cruz filed an application for review of his sentence by a three-judge panel. (Docket Entries at 19). The application was denied on June 6, 2014. (Id. at 21). On March 30, 2017, Cruz filed a petition for post-conviction relief. (Id.). The court denied his petition on May 22, 2019. (Id. at 24). Cruz did not file an application for leave to appeal the denial of post-conviction relief. See Md. Code. Ann., Crim. Proc. § 7-109(a) (stating that appellate review of final order in post-conviction proceeding must be sought by application for leave to appeal).

Cruz signed and dated his Petition for Writ of Habeas Corpus on April 6, 2021, and the Court will consider it as filed on that date. (See Pet. at 16); see also R. Govern. § 2254 Cases U.S. Dist. Ct. 3(d) (mandating prison-mail box rule). In his Petition, Cruz raises two claims arguing that double jeopardy has been violated. (See generally Pet.). In response to the Petition, Respondents assert the Petition should be dismissed because it is time barred. (ECF No. 3). Pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), Cruz was afforded an opportunity to explain why the Petition should not be dismissed as time-barred, and he submitted a Reply to the Answer. (ECF No. 5).[1]

---

[1] Cruz's allegations regarding the conditions of confinement relative to COVID-19 (ECF No. 5 at 16-28) are not properly before the Court and will not be considered in the context of this Petition, other than as an argument in favor of equitable tolling. If Cruz believes his civil rights have been violated by his conditions of confinement or that he is somehow entitled to release due to COVID-19 he may file a separate pleading documenting those concerns and naming appropriate parties.

## II. DISCUSSION

### A. Standard of Review

A one-year limitation period applies to petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. The limitation period is set forth in 28 U.S.C. § 2244, which provides that the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Further, the Fourth Circuit has held that a motion for modification of sentence filed pursuant to Md. Rule 4-345 tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2) because "a Maryland Rule 4-345 motion to reduce sentence is not part of the direct review process and undoubtedly calls for review of the sentence." Mitchell v. Green, 922 F.3d 187, 197 (4th Cir. 2019) (quoting Wall v. Kholi, 562 U.S. 545, 555 (2011)) (cleaned up).

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling under this theory, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

**B.     Analysis**

For purposes of calculating the one-year limitations period under § 2244(d)(1), because Cruz did not file an appeal from his conviction and sentence imposed on June 2, 2005, his conviction became final when the time to appeal expired thirty days later, e.g. July 5, 2005.[2] See Md. Rule 8-202(a); see also Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that a judgment that is not reviewed in the Supreme Court "becomes final at the 'expiration of the time for seeking such review' when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). The statute of limitations would have expired one year later on July 5, 2006. Cruz had nothing pending during that time

---

[2] The thirtieth day after imposition of Cruz's sentence was Saturday, June 2, 2005, which would have been extended until the next day that was not a weekend or holiday. See Md. Rule 1-203(a).

5

which would have served to toll the limitations period, and his Petition filed in April 2021 is therefore untimely.

Even assuming the subsequent probation revocation proceedings restarted the limitations period, the Petition is still untimely. As such, the Court need not determine whether Cruz's subsequent probation revocation proceedings restarted the statute of limitations. Woodfolk v. Maynard, 857 F. 3d 531, 542 (4th Cir. 2017) (holding "when a state court defendant had been granted a resentencing, the limitations period under 2244(d)(1)(A) runs from the judgment entered upon resentencing—even if . . . the defendants' habeas petition challenges the underlying conviction); Prendergast v. Clements, 699 F.3d 1182, 1186–88 (10th Cir. 2012) (holding petitioner's habeas challenge tot original conviction was untimely despite intervening resenting on probation violation).

Cruz's violation hearing and resentencing occurred on November 20, 2013. (Docket Entries at 18–19). His timely application for review of sentence by a three-judge panel was denied on June 6, 2014. (Id. at 19, 21). Even assuming arguendo that the statute of limitations under § 2244(d)(1)(A) then began to run, it would have expired one year later on Monday, June 8, 2015. Cruz, however, filed nothing further in his case until March 30, 2017, when he instituted state post-conviction proceedings. Those proceedings concluded on May 22, 2019, when the post-conviction court denied relief. (Docket Entries at 25, #203). Cruz then waited until April 6, 2021, almost two years later, to institute these proceedings. From June 6, 2014 to March 30, 2017, and again from May 22, 2019 to April 6, 2021, Cruz had no proceedings pending which would toll the running of the statute of limitations. As such, even assuming Cruz's statute of limitations was resent on the date of

his probation revocation hearing, this Petition is nevertheless untimely unless Cruz can establish a basis to excuse the late filing.

Although the Court granted Cruz an opportunity to address the issue, he does not indicate that there was any impediment to filing his application due to state action,[3] any newly recognized constitutional right, or any newly discovered factual predicate underlying his claims. (See generally Suppl. Writ Habeas Corpus ["Suppl"], ECF No. 5).

Cruz does assert, however, that he is actually innocent. (Id. at 2). The Supreme Court has never held that habeas relief extends to freestanding claims of actual innocence. Herrera v. Collins, 506 U.S. 390, 404–05 (1993). "Courts have consistently emphasized that actual innocence for the purposes of Schlup [v. Delo, 513 U.S. 298 (1995)] is a procedural mechanism rather than a substantive claim." Finch v. McCoy, 914 F.3d 292, 298 (4th Cir. 2019) (citing Teleguz v. Pearson, 689 F.3d 322, 327 (4th Cir. 2012)). Thus, a federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, Schlup, 513 U.S. at 326, or to overcome AEDPA's one-year statute of limitations, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Actual innocence, if then proven, "serves as a gateway through which a habeas petitioner may pass" when, for example, AEDPA's statute of limitations has expired. Finch, 914 F.3d at 294. If a petitioner

---

[3] Cruz explains that beginning in March of 2020 operations within his place of incarceration were impacted by the COVID-19 pandemic. (Suppl. at 16–28). He does not offer any explanation as to whether or how this adversely impacted his ability to file his Petition.

7

satisfies the requisite standard, the district court may then consider the petitioner's procedurally defaulted claims. Id. at 298.

In order to show "actual innocence" in this context, the petitioner "must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); see also Bousley v. United States, 523 U.S. 614, 623 (1998). In order to present a credible claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S at 324.

Similarly, the Fourth Circuit has said in the context of a habeas case under 28 U.S.C. § 2254: "A valid actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" Finch, 914 F.3d at 298 (quoting Schlup, 513 U.S. at 325). Moreover, a petitioner must "'demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice.'" Id. (quoting Teleguz, 689 F.3d at 329). It is an "exacting standard," based on a "'holistic judgment about all the evidence.'" Id. at 299 (quoting House v. Bell, 547 U.S. 518, 539 (2006)). "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new

evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329.

In support of his actual innocence claim Cruz states that "new evidence" supports his claim and no DNA or spermatozoa was found in the rape/sexual assault evidence collection kit performed on the victim. (Suppl. at 2). Cruz cites the DNA evidence collected in March of 2003 and the report prepared in April of 2003 which did not identify Cruz's DNA in any of the specimens collected from the victim. (See DNA Report, ECF No. 1-4). But Cruz does not contend that the April 2003 laboratory report is new evidence, nor does he explain what new evidence he has that would support his claim of actual innocence. There is no indication in the record before the Court that Cruz, his attorney, or the trial judge were unaware of the April 2003 laboratory report. In fact, during the bench trial the "State's Motion in Limine to Prohibit Defense from Introducing Evidence of DNA testing and Results" was denied as moot. (Docket Entries at 9, #57). Moreover, lack of physical evidence of the sexual assaults alone does not exonerate Cruz. In short, Cruz has failed to come forward with new reliable evidence that demonstrates his innocence and the untimeliness of his Petition cannot be excused.

Lastly, Cruz does not provide any arguments that would allow equitable tolling to save the late filing of the petition. Cruz claims that he suffers a language barrier and was ignorant of state law. (Suppl. at 2). Cruz's limited knowledge of the law is not sufficient to establish equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Further, review of the docket entries demonstrates that Cruz

was provided with an interpreter throughout his state proceedings. (See e.g., Docket Entries at 8, #51, 10, #61, 64, 67, 72, 15, #107, 20, #157, 22, #172, 25, #197 (interpreter present)). As Cruz has not satisfied the standard for equitable tolling, the Court will dismiss his Petition as untimely.

C. **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Cruz must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Cruz has not made the requisite showing, the Court declines to issue a certificate of appealability. Cruz may nevertheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III. CONCLUSION

For the foregoing reasons, the Court will deny Cruz's Petition for a Writ of Habeas Corpus (ECF No. 1) and decline to issue certificate of appealability. A separate Order follows.

Entered this 30th day of September, 2022.

                                                 /s/
                                     George L. Russell, III
                                     United States District Judge